```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JAMES EDWARDS AND TAMMY GREEN**                **CIVIL ACTION**

**VERSUS**                                       **NO. 07-6714**

**STANDARD FIRE INSURANCE COMPANY,**             **SECTION "B" (4)**
**FIRST PREMIUM INSURANCE GROUP, INC.,**
**CHRISTINE RAGUSA, STIEL INSURANCE SERVICES**
**OF NEW ORLEANS, AND ABC INSURANCE COMPANY**

### ORDER AND REASONS

Before the Court is Plaintiffs', James Edwards and Tammy Green, Motion to Remand. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is **GRANTED.**

### *BACKGROUND*

On October 2, 2006, Plaintiffs filed a Petition for Damages (Rec. Doc. No. 1) against Standard Fire, Stiel Insurance Services of New Orleans, Inc. ("Stiel"), Christine Ragusa, an agent employed with Stiel, and First Premium Insurance Group, Inc. ("First Premium"). In their petition, Plaintiffs allege that Stiel breached its fiduciary duty to plaintiffs as follows: 1. Plaintiffs relied on Stiel and Ragusa's expertise to provide them with complete and competent advice regarding the amount and type of insurance to provide them with full coverage, 2. Stiel/Ragusa obtained a homeowner's policy through Standard Fire and a flood policy through First premium that provided far less dwelling and

1

contents coverage for the plaintiffs than they would've had if they were fully insured, 3. Stiel did not advise the plaintiffs as to the necessity and/or availability of a greater amount of dwelling and contents coverage, and 4. Stiel/Ragusa assured them that their insurance was sufficient to cover ALE/loss of use.

Defendant, Standard Fire, originally removed the case to federal court based upon fraudulent joinder of Stiel and Ragusa, and original federal subject matter or supplemental jurisdiction under the Multiparty, Mulitforum Trial Jurisdiction Act, 28 U.S.C. §§1369 and 1441(e)(1).  Plaintiffs filed a Motion to Remand.  The Court granted the Motion to Remand based on a finding that "the defendants did not meet their burden in proving that the plaintiffs have no possibility of recovery against Ragusa or Stiel under Louisiana state law." (Honorable Judge Martin L.C. Feldman's Order and Reasons, Exhibit B., Rec. Doc. No. 5).  On October 11, 2007, Defendant, Standard Fire, has again removed this case to federal court (Rec. Doc. No. 1) and Plaintiffs have filed a Motion to Remand. (Rec. Doc. No. 4).

Plaintiffs contend that Standard Fire has failed to demonstrate that Plaintiffs have no valid claim against First Premium, a non-diverse party.  Plaintiffs also contend that Standard Fire's assertion of fraudulent misjoinder based upon improper cumulation of actions also fails because the cause of action arises out of the same facts, circumstances leading to

claims resulting from Hurricane Katrina.  Also, Plaintiffs contend they have a valid claim against Defendants Stiel/Ragusa, so diversity jurisdiction is lacking.  Additionally, Plaintiffs contend that their claims are not perempted under the three-year peremption provision of La. R.S. §9:5606.  Finally, Plaintiffs contend that 28 U.S.C. §1446 precludes removal of any action for diversity after one year of filing of the suit and Standard Fire has failed to demonstrate that a reasonable exception to that rule applies here.

Standard Fire contends that their reliance upon Plaintiffs' inaccurate affidavit warrants removal after one year.  Standard Fire also contends that Plaintiffs' own testimony makes it clear that both First Premium and Stiel have been improperly joined.

Defendants, Stiel and Ragusa, contend that Stiel owed no duty to Plaintiffs and that Plaintiffs claims are perempted by La. R.S. §9:5606.

### *DISCUSSION*

The issue before the Court is whether Plaintiffs' claims against Defendants are removable under 28 U.S.C. §1441.  A civil action of which federal courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States is removable without regard to the citizenship of the parties.  28 U.S.C. §1441(b). All other claims are removable only if none of the parties is a citizen of the

3

State in which such action is brought. *Id*. An action has diversity jurisdiction and is removable to federal court under 28 U.S.C. §1332 when the amount in controversy exceeds $75,000 and complete diversity exists between parties.

In order to determine whether Plaintiffs' claims are removable, it is necessary to determine what law governs these claims. 28 U.S.C. §1446(b) says in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it m ay first be ascertained that the case is one which is or has been removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendants' Notice of Removal was submitted a year and nine days after Plaintiffs' suit was filed making it untimely pursuant to 28 U.S.C. §1446(b). Defendants contend that Plaintiffs' conduct justifies application of an equitable exception to the one-year removal period set forth in 28 U.S.C. §1446(b). *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the Fifth Circuit noted that "the time limit for removal is not jurisdictional" and "may be waived" due to conduct of the parties, including acts of "forum manipulation." *Id*. at 426 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). An "aroma of manipulation" is not sufficient to trigger the rarely used exception of equitable tolling. *Foster v. Landon*,

4

No. 04-2645, 2004 U.S. Dist. LEXIS 22440, at *7 (E.D.La. Nov. 3, 2004)(Fallon, J).  Standard Fire contends that Plaintiffs were initially successful in having the case remanded only after submitting an affidavit which purported to establish a valid cause of action against the non-diverse defendant, Stiel.  After the Plaintiff was deposed, it appeared as if the affidavit submitted prior was false.  This does not rise to the level of "forum manipulation" as in *Tedford*. *See Tedford*, 327 F.3d at 425.  The court requires more in order to equitably toll the one year removal period.  In *Foster*, the plaintiff limited damages to less than $75,000, but after the year removal period expired, the plaintiff's attorney sent a settlement letter to the defendant for $400,000. 2004 U.S. Dist. LEXIS 22440 at *8.  The court was troubled by the plaintiff's behavior, but held that it must "balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed, as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Id*. (citing *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997)).

Standard Fire must also demonstrate that its own conduct conformed to equitable principles. "[E]quity aids the vigilant and not those who slumber on their rights." *National Assoc. of Governmental Employees v. City Public Service Board of San*

5

*Antonio, Texas*, 40 F.3d 698, 708 (5th Cir. 1994). The plaintiff was deposed on September 11, 2007 which would have given Defendants enough time to notice the discrepancies in Plaintiffs' testimony and file the Notice of Removal by the deadline of October 2, 2007. Defendants' Notice of Removal was untimely pursuant to 28 U.S.C. §1446(b). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 22nd day of April, 2008.

_____

UNITED STATES DISTRICT JUDGE